UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE ROLANDO HARRIS ) | 1:09-cv-00898 YNP (DLB) (HC) |
| ) | |
| Petitioner, ) | |
| ) | ORDER GRANTING PETITIONER'S |
| v. ) | MOTION TO WITHDRAW |
| ) | |
| ) | [Doc. #9] |
| HECTOR RIOS, Jr., Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

   Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

   Petitioner filed a petition for writ of habeas corpus in this Court on May 21, 2009. On July 13, 2009, Petitioner filed a motion to withdraw the petition due to "lack of evidentiary support on behalf of the petitioner." No other parties have yet appeared in this case.

   Pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, "an action may be dismissed by the [Petitioner] without order of court by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without

1  prejudice, . . . ." Except as provided above, any "action may be dismissed at the plaintiff's request
2  only by court order, on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). Pursuant
3  to Rule 11 of the Rules Governing Section 2254 Cases, the "Federal Rules of Civil Procedure, to the
4  extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions
5  filed under these rules."

6      No adverse party has served an answer to the petition or a motion to dismiss; therefore,
7  Petitioner is free to withdraw his petition. Accordingly, Petitioner's motion to withdraw his petition
8  for writ of habeas corpus is GRANTED.

9      IT IS ORDERED that the petition BE DISMISSED without prejudice. Petitioner is
10 forewarned that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a
11 statute of limitations of one year in which a petitioner must file a federal petition for writ of habeas
12 corpus. 28 U.S.C. § 2244(d)(1).

13
14     IT IS SO ORDERED.
15     Dated:   **August 19, 2009**              **/s/ Dennis L. Beck**
                                                                          UNITED STATES MAGISTRATE JUDGE